**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Branch Banking and Trust Company,  )<br>  )<br>                Plaintiff,  )<br>   vs.  )<br>  )<br>Sossaman & Guadalupe Plaza, LLC; Yoel Iny;  )<br>Noam Schwartz; Yoel Iny, Trustee of the Y&T  )<br>Iny Family Trust dated June 8, 1994; Noam  )<br>Schwartz, Trustee of the Noam Schwartz Trust  )<br>dated August 19, 1999; and D.M.S.I., L.L.C.,  )<br>  )<br>                Defendants.  )<br>  ) | Case No.: 2:12-cv-01775-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to File Second Amended Answer and Counterclaim (ECF No. 25) filed by Defendants Yoel Iny; Noam Schwartz; Sossaman & Guadalupe Plaza, LLC ("Sossaman"); Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994 ("Trustee Iny"); Noam Schwartz, Trustee of the Noam Schwartz Trust dated August 19, 1999 ("Trustee Schwartz"); and D.M.S.I., L.L.C. ("DMSI") (collectively, "Defendants").  Plaintiff Branch Banking and Trust Company ("BB&T") filed a Response (ECF No. 26) and Defendants filed a Reply (ECF No. 27).

**I. BACKGROUND**

Plaintiff initiated this action in October 2012, alleging causes of action arising out of a series of loan transactions originating with a loan from Colonial Bank, N.A., to Defendant Sossaman as Borrower, secured by commercial property in Arizona, and for which Defendants Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI served as Guarantors. (Compl., ECF No. 1.)  In July 2006, Colonial Bank, N.A., was succeeded by Colonial Bank through its conversion from a national banking association to a state-chartered bank. (*Id.* at 4:¶17.)  In

2009, Colonial Bank was closed by the State Banking Department of the State of Alabama, and in August 2009, the Federal Deposit Insurance Corporation ("FDIC") was named receiver in order to liquidate and distribute Colonial Bank's assets. (*Id*. at 4:¶20.)  The FDIC then assigned Plaintiff "all of its right, title and interest in, to and under the loan documents evidencing, securing, Guaranteeing and otherwise related to the Note." (*Id*. at 4:¶21.)

The FDIC's transfer to Plaintiff was publicly recorded in Arizona as an Assignment of Security Instruments, Notes, and Other Loan Documents. ("Assignment," Ex. 6 to Compl., ECF No. 1-6.)  The Assignment indicates that the FDIC "does hereby grant, bargain, sell, assign, transfer and set over unto [Plaintiff] all of [the FDIC]'s rights, title, and interests in and to those documents set forth on Exhibit A," which lists loan documents relating to borrowers Pebble Creek Plaza, LLC, Pebble Creek Plaza Pad, LLC, Sossaman and Guadalupe Plaza, LLC, and 27th & Southern Holding, LLC. (*Id*.)  The transaction was "for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00), and other good and valuable consideration received from or on behalf" of Plaintiff. (*Id*.)

Plaintiff alleges a claim for Deficiency against Defendant Sossaman as Borrower. (Compl. at 6:¶¶33–35.)  Plaintiff alleges a claim for Breach of Guarantees against Defendants Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI as Guarantors ("Guarantor Defendants"). (*Id*. at 6:¶36–7:¶¶37–40.)  Plaintiff alleges its claim for Breach of the Covenant of Good Faith and Fair Dealing against both Defendant Sossaman as Borrower and Defendants Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI as Guarantors. (*Id*. at 7:¶¶41–45.)

Now, Defendants request leave to amend their First Amended Answer (ECF No. 19) for the purpose of filing a Second Amended Answer and Counterclaim, including a counterclaim for breach of oral contract and promissory estoppel. (ECF No. 25.)  Plaintiff objects, relying primarily on its arguments that Defendants' proposed amendments are futile because the proposed counterclaims would not survive a motion to dismiss. (ECF No. 26.)

## II. DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that justice requires granting Defendants leave to amend their Answer so as to add counterclaims. Contrary to Plaintiff's arguments, the Court cannot find that Defendants should be denied leave to amend on the basis of any finding of futility. Even if the Court were to agree with Plaintiff, and find that Defendants' counterclaims would not survive a Rule 12(b)(6) motion to dismiss, this alone does not compel denial of leave to amend. Courts are directed to "freely" give leave to amend, and *may* deny such leave upon a finding of futility of amendment. *See* Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. at 182. However, here, where Defendants seek to add claims, not cure deficiencies in previously-alleged claims, the Court finds that Plaintiff's arguments as to futility are particularly unpersuasive. Accordingly, the Court will grant Defendants' motion.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Leave to File Second Amended Answer and Counterclaim (ECF No. 25) is **GRANTED**. Defendants shall file their Second Amended Answer and Counterclaim (*see* Ex. A. to Mot. to Amend, ECF No. 25) by October 28, 2013.

**DATED** this 24th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge