**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Branch Banking and Trust Company, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>Sossaman & Guadalupe Plaza, LLC; Yoel Iny; )<br>Noam Schwartz; Yoel Iny, Trustee of the Y&T )<br>Iny Family Trust dated June 8, 1994; Noam )<br>Schwartz, Trustee of the Noam Schwartz Trust )<br>dated August 19, 1999; and D.M.S.I., L.L.C., )<br>)<br>Defendants. )<br>) | Case No.: 2:12-cv-01775-GMN-PAL<br><br>**ORDER** |

This action is brought by Plaintiff Branch Banking and Trust Company ("BB&T") against Defendants Yoel Iny; Noam Schwartz; Sossaman & Guadalupe Plaza, LLC ("Sossaman"); Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994 ("Trustee Iny"); Noam Schwartz, Trustee of the Noam Schwartz Trust dated August 19, 1999 ("Trustee Schwartz"); and D.M.S.I., L.L.C. ("DMSI") (collectively, "Defendants").

**I. BACKGROUND**

Plaintiff initiated this action in October 2012, alleging causes of action arising out of a series of loan transactions originating with a loan from Colonial Bank, N.A., to Defendant Sossaman as Borrower, secured by commercial property in Arizona, and for which Defendants Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI served as Guarantors. (Compl., ECF No. 1.) In July 2006, Colonial Bank, N.A., was succeeded by Colonial Bank through its conversion from a national banking association to a state-chartered bank. (*Id*. at 4:¶17.) In 2009, Colonial Bank was closed by the State Banking Department of the State of Alabama, and in August 2009, the Federal Deposit Insurance Corporation ("FDIC") was named receiver in

1    order to liquidate and distribute the assets of Colonial Bank. (*Id*. at 4:¶20.)  The FDIC then
2    assigned to Plaintiff "all of its right, title and interest in, to and under the loan documents
3    evidencing, securing, Guaranteeing and otherwise related to the Note." (*Id*. at 4:¶21.)

4        The FDIC's transfer to Plaintiff was publicly recorded in Arizona as an Assignment of
5    Security Instruments, Notes, and Other Loan Documents. ("Assignment," Ex. 6 to Compl., ECF
6    No. 1-6.)  The Assignment indicates that the FDIC "does hereby grant, bargain, sell, assign,
7    transfer and set over unto [Plaintiff] all of [the FDIC]'s rights, title, and interests in and to those
8    documents set forth on Exhibit A," which lists loan documents relating to borrowers Pebble
9    Creek Plaza, LLC, Pebble Creek Plaza Pad, LLC, Sossaman and Guadalupe Plaza, LLC, and
10   27th & Southern Holding, LLC. (*Id*.)  The transaction was "for and in consideration of the sum
11   of TEN AND NO/100 DOLLARS ($10.00), and other good and valuable consideration
12   received from or on behalf" of Plaintiff. (*Id*.)

13       Plaintiff alleges a claim for Deficiency against Defendant Sossaman as Borrower.
14   (Compl. at 6:¶¶33–35.)  Plaintiff alleges a claim for Breach of Guarantees against Defendants
15   Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI as Guarantors ("Guarantor
16   Defendants"). (*Id*. at 6:¶36–7:¶¶37–40.)  Plaintiff alleges its claim for Breach of the Covenant
17   of Good Faith and Fair Dealing against both Defendant Sossaman as Borrower and Defendants
18   Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI as Guarantors. (*Id*. at 7:¶¶41–45.)

19   **II. DISCUSSION**

20       In Defendants' Proposed Second Amended Answer and Counterclaim (Ex A. to Mot. to
21   Amend, ECF No. 25), Defendants allege that representatives of BB&T "explicitly promised
22   that BB&T would provide Defendants with adequate time and opportunity to propose and
23   implement a real estate property action plan to address and work-out certain Colonial Bank
24   loans ('Work-out Agreement')." (*Id*. at 12:¶8.)  Defendants allege that these promises relate to
25   Colonial Bank loans with the following borrowers:

      a. 27th & Southern Holding, LLC;
      b. Casa Grande Business Park, LLC;
      c. Eloy Business Park, LLC;
      d. GAC Storage Lansing, LLC;
      e. Jones-Windmill, LLC;
      f. Mt. Charleston Hotel, LLC;
      g. Pebble Creek Plaza, LLC;
      h. Pebble Creek Plaza Pad, LLC;
      i. Regena Homes, LLC;
      j. Smoke Ranch Development, LLC;
      k. Sossaman & Guadalupe Plaza, LLC; and
      *l.* White Beauty Development, LLC.

(*Id.* at 13:¶9.)

The parties have not filed any Notice of Related Cases pursuant to the Local Rules of Civil Practice for the District of Nevada. *See* D. Nev. R. II.7-2.1. However, at this time the Court takes notice of the following cases pending in the District of Nevada that relate to each of these borrowers except for Casa Grande Business Park, LLC, and Mt. Charleston Hotel, LLC:

- *Branch Banking & Trust Co. v. 27th & Southern Holding, LLC*, No. 2:12-cv-01781-LRH-PAL (filed Oct. 10, 2012);
- *Branch Banking & Trust Co. v. Eloy Business Park, LLC*, No. 2:12-cv-01679-LRH-PAL (filed Sept. 24, 2012);
- *Branch Banking & Trust Co. v. Iny*, No. 2:11-cv-01777-MMD-VCF (filed Nov. 4, 2011);
- *Branch Banking & Trust Co. v. Jones/Windmill, LLC*, No. 2:12-cv-00452-JCM-GWF (filed March 16, 2012);
- *Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, No. 2:12-cv-01737-GMN-NJK (filed Oct. 3, 2012);
- *Branch Banking & Trust Co. v. Pebble Creek Plaza Pad, LLC*, No. 2:12-cv-01736-MMD-CWH (filed Oct. 3, 2012);
- *Branch Banking & Trust Co. v. Regena Homes, LLC*, No. 2:12-cv-00451-JAD-GWF (filed March 16, 2012);
- *Branch Banking & Trust Co. v. Smoke Ranch Dev., LLC*, No. 2:12-cv-00453-APG-NJK (filed March 16, 2012);
- *Branch Banking & Trust Co. v. Sossaman & Guadalupe Plaza, LLC*, No. 2:12-cv-01775-GMN-PAL (filed Oct. 10, 2012);
- *Branch Banking & Trust Co. v. White Beauty Dev., LLC*, No. 2:13-cv-00469-JAD-PAL (filed March 20, 2013).

The Court also takes notice of the following case that relates to the Guarantor Defendants but is not apparently related to these borrowers:

- *Branch Banking & Trust Co. v. D.M.S.I., LLC*, No. 2:11-cv-01778-APG-VCF (filed Nov. 4, 2011).

The Court hereby gives notice to the parties that failure to comply with local rules may result in sanctions. *See* D. Nev. R. I.A. 4-1.  The Court will give the parties one week to comply with Rule 7-2.1 by filing a Notice of Related Cases consistent with the requirements of Rule 7-2.1.  In accordance with this rule, the Notice of Related Cases should indicate why reassignment is desirable, and if not, why reassignment is not desirable.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the parties shall file a Notice of Related Cases consistent with the requirements of Local Rule 7-2.1 by November 1, 2013.  Failure to do so by this date may result in sanctions.

**DATED** this 24th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge