**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Branch Banking and Trust Company, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Sossaman & Guadalupe Plaza, LLC; Yoel Iny; ) <br> Noam Schwartz; Yoel Iny, Trustee of the Y&T ) <br> Iny Family Trust dated June 8, 1994; Noam ) <br> Schwartz, Trustee of the Noam Schwartz Trust ) <br> dated August 19, 1999; and D.M.S.I., L.L.C., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-01775-GMN-PAL <br><br> **ORDER** |

Pending before the Court are four motions requesting summary judgment, filed by Defendants Yoel Iny; Noam Schwartz; Sossaman & Guadalupe Plaza, LLC ("Sossaman"); Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994 ("Trustee Iny"); Noam Schwartz, Trustee of the Noam Schwartz Trust dated August 19, 1999 ("Trustee Schwartz"); and D.M.S.I., L.L.C. ("DMSI") (collectively, "Defendants"). (ECF Nos. 40, 64, 70, 84.)

**I. BACKGROUND**

Plaintiff initiated this action against Defendants in October 2012, alleging causes of action arising out of a series of loan transactions originating with a loan from Colonial Bank, N.A., to Defendant Sossaman as Borrower, secured by commercial property in Arizona, and for which Defendants Iny, Schwartz, Trustee Iny, Trustee Schwartz, and DMSI served as Guarantors. (Compl., ECF No. 1.)

On October 24, 2013, the Court granted Defendants leave to file a Second Amended Answer and Counterclaim, and Defendants did so on October 28, 2013. (Order, Oct. 24, 2013, ECF No. 71; Second Am. Answer, Countercl., ECF No. 74.)

## II. DISCUSSION

Defendants have now filed four motions requesting the same relief – summary judgment in their favor, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (*See* Mot. Summ. J., ECF No. 40; Mot. Summ. J., ECF No. 64; Mot. Summ. J., ECF No. 70; Mot. Summ. J., ECF No. 84.)

Although the District of Nevada does require that a separate document must be filed for each type of document or purpose (*see* Special Order 109, Electronic Filing Procedures for the United States District Court for the District of Nevada, III.F.4. (D. Nev. Sept. 27, 2006)), here Defendants' motions for summary judgment all request summary judgment in their favor pursuant to Rule 56. (*See* Mot. Summ. J., ECF No. 40; Mot. Summ. J., ECF No. 64; Mot. Summ. J., ECF No. 70; Mot. Summ. J., ECF No. 84.) Defendants' four motions for summary judgment appear to be an inappropriate attempt to circumvent the page limitations of Local Rule 7-4, which requires leave of the Court before any party may file a motion exceeding thirty pages. *See* D. Nev. R. II.7-4. This conclusion is supported by Defendants' attempts to "incorporate by reference" its briefing for previous motions.

Defendants' motions appear to be most properly brought as a single motion, and because the Court finds no resulting unfair prejudice to any party, the Court finds that good cause exists to deny Defendants' motions for summary judgment without prejudice.

The Court will deny all four motions as inappropriately-filed, with leave to re-file in compliance with the applicable Federal Rules of Civil Procedure and Local Rules of Practice for the United States District Court for the District of Nevada, including Special Order 109.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 40), Motion for Summary Judgment (ECF No. 64), Motion for Summary Judgment (ECF No. 70), and Motion for Summary Judgment (ECF No. 84) are **DENIED without prejudice**, as

1  described in this Order.

2      **DATED** this 19th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge