UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SOSSAMAN & GUADALUPE PLAZA, LLC, a Nevada limited liability company; YOEL INY, individually and as Trustee of the Y&T INY FAMILY TRUST dated June 8, 1994; NOAM SCHWARTZ, individually and as Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | 2:12-CV-01775-LRH-PAL<br><br>ORDER |

This is a final deficiency judgment entered in favor of plaintiff Branch Banking and Trust Company ("Branch Banking") and against defendants in the amount of five hundred nine thousand four hundred ninety-five dollars and ninety-three cents ($509, 495.93) plus interest at the Note rate of 2.49% per annum.

**I. Facts and Procedural History**

On July 28, 2006, Borrower Sossaman & Guadalupe Plaza, LLC ("Borrower") executed and delivered a Promissory Note Secured by Deed of Trust to Colonial Bank, N.A. ("Colonial

1

Bank"), in the original amount of $3,826,000.00 (the "Note").  ECF No. 69, Ex. 1A; ECF No. 99, Ex. 1.[1]  The Note was secured by a Deed of Trust and Security Agreement and Fixture Filing with Assignment of Rents ("Deed of Trust"), dated July 28, 2006, encumbering certain real property in Maricopa County, Arizona (the "Property").  ECF No. 69, Ex. 1B; ECF No. 99, Ex. 2.  Also on July 28, 2006, Defendants Yoel Iny, individually and as Trustee of the Y&T Iny Family Trust; Noam Schwartz, individually and as Trustee of the Noam Schwartz Trust; and D.M.S.I., LLC (collectively "Guarantors") executed and delivered to Colonial Bank a Guarantee (the "Guarantee").  ECF No. 69, Ex. 1C; ECF No. 99, Ex. 3.  Pursuant to the Guarantee, the Guarantors guaranteed the payment of all indebtedness of the Borrower under the loan evidenced by the Note (the "Loan").  *Id*.

On February 26, 2009, the Note was amended by an Amendment to Promissory Note Secured by Deed of Trust such that the Maturity Date on the Note was extended to May 2, 2009 (the "Amendment").  ECF No. 69, Ex. 1D; ECF No. 99, Ex. 4.  Also on February 26, 2009, a Modification to the Deed of Trust was executed and recorded in Maricopa County, Arizona.  ECF No. 99, Ex. 5.  On July 19, 2009, the Note was again amended by an Amendment to Promissory Note Secured by Deed of Trust such that the Maturity Date on the Note was extended to August 2, 2009.  ECF No. 69, Ex. 1E; ECF No. 99, Ex. 6.  On August 14, 2009, Colonial Bank was closed by the State Banking Department of the State of Alabama and the Federal Deposit Insurance Corporation ("FDIC") was named receiver in order to liquidate and distribute the assets of Colonial Bank.  ECF No. 69, Ex. 1F; ECF No. 99, Ex. 7.  On September 7, 2011, the FDIC executed an Assignment of Security Instruments, Notes and Other Loan Documents (the "Assignment"), to be deemed effective as of August 14, 2009.  *Id*.  Pursuant to the terms of the Assignment, the FDIC assigned all rights, title, and interest in the Note, the Deed of Trust, and the Guarantee to Branch Banking.  *Id*.  The Assignment was recorded in Maricopa County, Arizona on November 4, 2011.  *Id*.

---

[1] Refers to the court's docket number.

The Borrower failed to pay the outstanding principal balance of the loan due under the Note on August 2, 2009. ECF No. 93, Ex. 2 (Schwartz Depo.), 12:25-13:4. By demand letter dated August 3, 2011 (the "Demand Letter"), Branch Banking indicated its intent to take steps to exercise its rights and remedies under the Loan on or after August 3, 2011. ECF No. 69, Ex. 1G. On December 19, 2011, Branch Banking commenced a judicial foreclosure action under the Deed of Trust by filing a Verified Complaint in the Superior Court of the County of Maricopa, Arizona. ECF No. 99, Ex. 8. A Default Judgment ordering the judicial foreclosure of the Property in full or partial satisfaction of the outstanding balance due under the Loan via Sheriff's sale was entered by the Superior Court of the County of Maricopa, Arizona, on April 23, 2012. ECF No. 69, Ex. 1H; ECF No. 100, Ex. 12. The Sheriff of the County of Maricopa, Arizona, sold the Property on June 21, 2012, at public auction for a cash bid of $816,000.00 in partial satisfaction of the Loan. ECF No. 69, Ex. 1I; ECF No. 100, Ex. 13.

On October 10, 2012, Branch Banking filed a Complaint before this Court, alleging claims for deficiency, breach of guarantee, and breach of the covenant of good faith and fair dealing. ECF No. 1. On September 15, 2014, the Court granted Branch Banking's Motion for Summary Judgment, and denied Defendants' Motion for Summary Judgment. ECF No. 119. The Court also directed the parties to file briefs for a deficiency hearing pursuant to NRS § 40.457(1).

On November 25, 2014, Defendants and Branch Banking filed their opening briefs. ECF No. 131 and 132. On December 30, 2014, Defendants and Branch Banking filed their respective responses. ECF No. 140 and 141. On May 13, 2016, the parties stipulated that the fair market value of the property on June 21, 2012 was $450,000. ECF No. 145.

**II. Legal Standard**

Pursuant to NRS 40.455, a court shall award a deficiency judgment to a judgment creditor upon a finding that there is a deficiency between the proceeds of a trustee's sale and the balance owed to the judgment creditor. NRS 40.455(1). However, before a court issues a

deficiency judgment, the court must take evidence "concerning the fair market value of the property sold as of the date of foreclosure sale or trustee's sale." NRS 40.457(1). After determining the fair market value of the property, "the court shall award a judgment against the... guarantor... who is personally liable for the debt." NRS 40.459(1). The amount of the deficiency judgment shall not be more than "[t]he amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale." NRS 40.459(1)(a).

**III. Discussion**

This is a fair market valuation determination pursuant to NRS 40.457. The issues before the court are (1) what was the fair market value of the underlying property at the date of the sale, and (2) what amount should be entered as a deficiency judgment, if any. The court shall address both issues below.

    **A. Fair Market Valuation**

The parties have stipulated that the fair market value of the property on June 21, 2012 was $450,000. ECF No. 145. As this is the only evidence of fair market value, the court shall accept this figure and values the underlying property at $450,000.

    **B. Deficiency Judgment Amount**

Branch Banking contends that the amount of indebtedness on June 21, 2012, the date of the Sheriff's sale was $1,325,495.93. In response, Defendants argue that Branch Banking cannot competently prove the amount of indebtedness and that Defendants are entitled to off-sets, which would result in a finding that there is no deficiency.

First, Defendants argue that Branch Banking cannot prove the amount of the principal balance of the loan because Branch Banking is relying on the declaration of Peter Nugent, a senior vice president at Branch Banking. Defendants argue that Mr. Nugent does not have personal knowledge and cannot lay a sufficient foundation for the books and records of Branch Banking in order to establish the facts of his declaration. This Court has already rejected such an

4

argument. ECF No. 119.  Further, as the court has already noted, Defendants have independently authenticated the loan documents.  Ronnie Schwartz, Defendants' Person Most Knowledgeable, acknowledged and authenticated each of the loan documents at issue.  *See* ECF No. 93, Ex. 2 (Schwartz Depo.), 4:23-5:1, 6:17-12:24.  Thus, the declaration and related loan documents establish an amount of indebtedness of $1,325,495.93.

Second, Defendants argue that Branch Banking has failed to prove that taxes paid, appraisals, environmental reviews, costs, late fees, and attorney's fees related to the foreclosure action should be included in the indebtedness.  However, Branch Banking is entitled to recover these amounts.  *See, e.g., Branch Banking & Trust Co. v. Jarrett,* No. 3:13-CV-00235-RCJ, 2014 WL 2573483, at *13 (D. Nev. June 9, 2014), appeal dismissed (Dec. 17, 2014); *Woori Am. Bank v. Sahara Westwood Hotel, LLC,* No. 2:10-CV-00358-KJD, 2011 WL 2295072, at *7 (D. Nev. June 8, 2011).

Third, Defendants argue that Branch Banking has not established the correct interest rate to be applied to the loan, which the loan stated would be an annual rate equal to 2.25% plus the one-month LIBOR rate.  ECF No. 1, Ex. 1.  Defendants argue that Branch Banking provides no evidence of what the LIBOR was at all relevant times of the subject loan.  However, the LIBOR rate is readily determinable information, and Branch Banking has provided the amount of accrued interest.

Fourth, Defendants argue that Branch Banking is not entitled to an award of attorney's fees and costs related to the foreclosure action because Branch Banking did not seek those fees in the Arizona judicial foreclosure action, Branch Banking violated the Work-Out Agreement, and Branch Banking has not established that the fees and costs are reasonable pursuant to Nevada law.  As to the first argument, this Court has already held that Branch Banking's failure to request or obtain a money judgment in the judicial foreclosure action in Arizona does not affect its right to pursue a deficiency in Nevada.  ECF No. 119.  As to the second argument, this Court has already rejected Defendants' position as to any alleged breach of an oral "Work-Out

Agreement." ECF No. 112.  Finally, as to the third argument, the Deed of Trust establishes liability for "attorneys' fees incurred in any bankruptcy or judicial or nonjudicial foreclosure proceeding." ECF No. 1, Ex. 2.  The Court has reviewed the submitted invoices accrued in the Arizona judicial foreclosure action and determines they are reasonable.  Therefore, the Court will award Branch Banking $5,664.47 for the attorneys' fees that were accrued in the Arizona judicial foreclosure action.

Finally, Defendants argue that they are entitled to off-sets due to Branch Banking's delay in foreclosing and in relation to the Work-Out Agreement.  However, Branch Banking had no duty to immediately foreclose.  *See, e.g., Fed. Deposit Ins. Corp. v. Coleman,* 795 S.W.2d 706 (Tex. 1990).  Further, Defendants executed an acknowledgment letter acknowledging that any acceptance of payments by Branch Banking after Defendants' default did not prejudice Branch Banking with respect to any of its rights and remedies under the subject loan documents.  ECF No. 141, Ex. 1.  Next, to the extent Defendants request off-sets on the basis of Branch Banking's alleged breach of an oral "Work-Out Agreement" to forebear enforcing certain rights under the Loan documents, the Court has already rejected Defendants' position.  ECF No. 112.  Therefore, Defendants are not entitled to any off-sets.

Thus, the amount of indebtedness as of June 21, 2012, was $1,325,495.93.  Subtracting $816,000, the actual price of the sale, which was higher than the fair market value of the Property on that date, Branch Banking is entitled to a deficiency judgment of $509,495.93 plus interest at the Note rate of 2.49% per annum.  Accordingly, the court shall enter a final deficiency judgment in this amount.  In addition, Defendants owe Branch Banking $5,664.47 for the attorneys' fees in the Judicial Foreclosure Action.

**IV. Conclusion**

IT IS THEREFORE ORDERED that the clerk of court shall enter a final deficiency judgment in favor of plaintiff Branch Banking, and against Defendants, in the amount of five

hundred and nine thousand four hundred and ninety-five dollars and ninety-three cents ($509,495.93), plus interest at the Note rate of 2.49% per annum.

IT IS FURTHER ORDERED that the clerk of court shall enter an award of attorney's fees for the Judicial Foreclosure Action in favor of plaintiff Branch Banking and against Defendants in the amount of five thousand six hundred sixty-four dollars and forty-seven cents ($5,664.47).

IT IS SO ORDERED.

DATED this 11th day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE